**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARCOS JESUS SILVA, | ) | NO. SA CV 16-441-E |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
|   v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF | ) | **AND ORDER OF REMAND** |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
|        Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 8, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on April 5, 2016. Plaintiff filed a motion for summary judgment on July 14, 2016.

1  Defendant filed a cross-motion for summary judgment on July 27, 2016.

2  The Court has taken the motions under submission without oral

3  argument.  <u>See</u> L.R. 7-15; "Order," filed March 15, 2016.

4

5  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

6

7  Plaintiff alleges disability since April 1, 2013 (Administrative

8  Record ("A.R.") 202).  Dr. Murali Raju, Plaintiff's treating

9  physician, opined, <u>inter alia</u>, that Plaintiff's "lumbar degenerative

10  disc disease" limits Plaintiff to standing and walking no more than

11  four hours during an eight hour workday and would cause Plaintiff to

12  be absent from work "[a]bout twice a month" (A.R. 448-51).  A

13  vocational expert testified that a person so limited could not perform

14  any job (AR. 88-89).

15

16  An Administrative Law Judge ("ALJ") found Plaintiff suffers from

17  severe "degenerative disc disease of the cervical and lumbar spine"

18  (A.R. 24).  However, the ALJ also found that Plaintiff retains the

19  residual functional capacity to perform a restricted range of light

20  work, including the capacity to stand or walk for six hours out of an

21  eight hour workday (A.R. 26).  In rejecting the opinions of Dr. Raju

22  described above, the ALJ stated:

23

24  I give little weight to Dr. Raju's opinion that the claimant

25  should be absent from work about twice a month and less

26  weight to the opinion that the claimant would be limited to

27  standing and walking 4 hours.  This assessment is not

28  consistent with the overall evidence of record.  Although

1      the claimant complained that his medication caused

2      drowsiness, he acknowledged that he was able to prepare

3      sandwiches on a daily basis, read, shop, and drive (A.R.

4      30).

5

6      The Appeals Council denied review (A.R. 1-7).

7

8                        **STANDARD OF REVIEW**

9

10      Under 42 U.S.C. section 405(g), this Court reviews the

11 Administration's decision to determine if: (1) the Administration's

12 findings are supported by substantial evidence; and (2) the

13 Administration used correct legal standards. See Carmickle v.

14 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

15 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

16 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

17 relevant evidence as a reasonable mind might accept as adequate to

18 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

19 (1971) (citation and quotations omitted); see also Widmark v.

20 Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

21

22      If the evidence can support either outcome, the court may

23      not substitute its judgment for that of the ALJ.  But the

24      Commissioner's decision cannot be affirmed simply by

25      isolating a specific quantum of supporting evidence.

26      Rather, a court must consider the record as a whole,

27      weighing both evidence that supports and evidence that

28      detracts from the [administrative] conclusion.

1   <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

2   quotations omitted).

3

4                            **DISCUSSION**

5

6       A treating physician's opinions "must be given substantial

7   weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see</u>

8   <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

9   give sufficient weight to the subjective aspects of a doctor's

10  opinion. . . .  This is especially true when the opinion is that of a

11  treating physician") (citation omitted); <u>see also</u> <u>Garrison v. Colvin</u>,

12  759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the

13  opinions of treating and examining physicians).  Even where the

14  treating physician's opinions are contradicted, as here, "if the ALJ

15  wishes to disregard the opinion[s] of the treating physician he . . .

16  must make findings setting forth specific, legitimate reasons for

17  doing so that are based on substantial evidence in the record."

18  <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation,

19  quotations and brackets omitted); <u>see</u> <u>Rodriquez v. Bowen</u>, 876 F.2d at

20  762 ("The ALJ may disregard the treating physician's opinion, but only

21  by setting forth specific, legitimate reasons for doing so, and this

22  decision must itself be based on substantial evidence") (citation and

23  quotations omitted).

24

25       The reasons the ALJ stated for rejecting Dr. Raju's opinions

26  regarding Plaintiff's alleged standing/walking limitations and

27  absenteeism do not comport with these authorities.  The ALJ's

28  statement that Dr. Raju's opinions were "not consistent with the

overall evidence of record" is impermissibly vague and unspecific. See, e.g., Kinzer v. Colvin, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions are insufficient); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . ."). Plaintiff's asserted ability "to prepare sandwiches . . . read, shop and drive" is not inconsistent with the above-described opinions of Dr. Raju.[1]

Defendant argues that other doctors "all opined that Plaintiff was capable of medium work, with no such limitations . . ." (Defendant's Motion at 7). To the extent the opinions of other doctors contradicted those of Dr. Raju, such contradiction triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007).

In light of the vocational expert's testimony, the Court cannot deem harmless the ALJ's failure to state sufficient reasons for rejecting Dr. Raju's opinions. See generally Molina v. Astrue, 674

---

[1]   Indeed, it is uncertain whether the ALJ intended this statement to serve as a reason to reject Dr. Raju's opinions.

F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate disability determination") (citations and quotations omitted).

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's error.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2010); see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d at 1020 (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").  There remain significant unanswered questions in the present record.  For example, it is not clear on the present record whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if Dr. Raju's opinions were fully credited.  See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 17, 2016.

_____
/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." Garrison v. Colvin, 759 F.3d at 1021.